**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 12 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



EDWARD KARAYAN, Trustee of the
Karayan Family Trust,

        Plaintiff - Appellant,

v.

SUSAN MARDIAN; LEONARD
MARDIAN,

        Defendants - Appellees.

No. 15-17008

D.C. No. 2:13-cv-00472-APG-PAL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted May 10, 2017[**]
Pasadena, California

Before: CLIFTON and FRIEDLAND, Circuit Judges and RICE,[***] District Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

The district court had diversity jurisdiction, 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291.

This case arises out of a $4,000,000.00 loan secured by real property and guaranteed by Defendants (Appellees) Susan and Leonard Mardian. The guaranty agreements are governed by Nevada law and were entered into on August 13, 2007. Plaintiff (Appellant) Edward Karayan, as trustee of the Karayan Family Trust, owns a 20.925 percent interest in the Note and Deed of Trust. *See* Complaint for Damages at ¶ 11. Plaintiff filed suit against Defendants for an alleged default on the Note, seeking to recover personally against Defendants without first foreclosing on the property. Defendants filed a motion to dismiss and the district court granted the motion. The district court reasoned that Plaintiff had to satisfy the Nevada "51 percent rule" under Nev. Rev. Stat. § 645B.340 before bringing suit. The district court alternatively reasoned that the action was barred by the "one-action rule" under Nev. Rev. Stat. § 40.430, which requires foreclosure on the real property before bringing suit on the debt. Both grounds support the district court's decision, although we need only address the "one-action rule".

The one-action rule requires "an obligee, who seeks to recover a debt secured by real property, to recover on the property through foreclosure before attempting to recover from the loan's guarantor personally." *Lavi v. Eighth Jud.*

*Dist. Ct.*, 325 P.3d 1265, 1268 (Nev. 2014), superseded by statute on other grounds as recognized by *Bank of Nev. v. Petersen,* 380 P.3d 854 (Nev. 2016). The rule may be waived, but not if the mortgage or lien is "secured by real property which is used primarily for the production of farm products as of the date the mortgage or lien upon the real property is created."[1]  Nev. Rev. Stat. § 40.495(5)(c).

Karayan waived any challenge to the district court's determination that the one-action rule barred his suit by failing to raise the issue in his Opening Brief. In any event, as the district court found, the real property at issue is farmland, so the rule cannot be waived.[2]  *See Eli Applebaum IRA v. Ariz. Acreage, LLC*, 381 P.3d 609, 2012 WL 2367569 (Nev. 2012) (unpublished) (enforcing one-action rule against same defendants despite purported waiver in guaranty based on farm-products exception).  This finding is supported by (1) the Declaration of Elno

---

[1]     The two other exceptions to the one-action rule do not apply here. *See* Nev. Rev. Stat. § 118C.220 (proceeding concerning exclusion of tenant from commercial premises), *and* Nev. Rev. Stat. § 40.512 (environmental impairment of real collateral).

[2]     Appellant argues that the court found the one-action rule was waived and did not rule on whether the property was actually utilized for the production of farm products.  Appellant Brief at 2.  The excerpt from the record indicates otherwise, as the district court stated: "I do think that the property – all the evidence in the record, all everything that's been presented to me is that the property is farmland, or at least is used primarily for the production of farm products and, so, under 40.495(5)(c), the One Action Rule could not be waived."

Roundy stating the land has been used only for grazing cattle since the late 1800's and (2) the parcel tax information print off listing the property use as ranch property. *See also id.* at *2-3 (holding that farm-products exception in § 40.495(5)(c) encompasses cattle grazing). Karayan has put forward no evidence to rebut this evidence.

Accordingly, the action was properly dismissed pursuant to Nev. Rev. Stat. § 40.435(2)(a).

**AFFIRMED**.